IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CLIFTON A. SATTERWHITE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:20-CV-2960
CRIM. NO. 2:16-CR-205
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 63.) This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4.

## I.    BACKGROUND

On November 29, 2016, Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to one count of conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951; two counts of Hobbs Act robberies, in violation of 18 U.S.C. § 1951; and two counts of brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). (ECF No. 37.) On April 25, 2017, the Court imposed 240 months imprisonment, to be followed by five years' supervised release, pursuant to the agreement of the parties. (*Judgment*, ECF No. 48; *Plea Agreement*, ECF No. 31, PAGEID # 52.) On June 22, 2018, the United States Court of Appeals for the Sixth Circuit affirmed this Court's Judgment. (ECF No. 57.) On July 17, 2018, the mandate issued. (ECF No. 58.) On August 7, 2019, the Court issued an Amended Judgment of Sentence. (ECF No. 59.)

On June 8, 2020, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255. He asserts, as his sole ground for relief, that his convictions on brandishing a firearm during the commission of a crime of violence under 18 U.S.C. § 924(c) are constitutionally invalid in view of the United States Supreme Court's decision in *United States v. Davis,* -- U.S. --, 139 S.Ct. 2319 (2019). For the reasons that follow, however, *Davis* does not provide Petitioner a basis for relief.

## II. WAIVER OF RIGHT TO APPEAL

As a threshold matter, Petitioner waived his right to appeal or to pursue collateral relief under the terms of his negotiated Plea Agreement, except as to claims of prosecutorial misconduct or ineffective assistance of counsel. (*Plea Agreement*, ECF No. 31, PAGEID # 54-55.) He raises neither of the foregoing issues here. Further, such appeal-waiver provisions will be enforced where made knowingly and voluntarily. *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (citing *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001)). Petitioner does not allege, and the record does not reflect, that his waiver of appeal was not knowing and voluntary. (*See Transcript*, ECF No. 51, PAGEID # 108-109.) Moreover, "[i]t is well settled [] that a change in law cannot render a plea agreement unknowing." *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017) (citing *Brady v. United States*, 397 U.S. 742, 757 (1970); *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)).

> By waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse. *Id.; see also United States v. Morgan,* 406 F.3d 135, 137 (2d Cir. 2005) ("The possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.").
>
> Accordingly, courts will enforce appeal waivers even when a legal development makes it likely that the defendant would receive a lower sentence were the defendant resentenced under the new law, and even when the legal change affects constitutional rights.

*Id*. at 490-91.

Because Petitioner "waive[ed] his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement[.]" *United States v. Mizori*, 604 F. App'x 413, 417 (6th Cir. 2015) (citation omitted); *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) ("When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement[.]") (citation omitted). Thus, Petitioner's waiver of his right to collaterally attack his convictions precludes his challenge based on the Supreme Court's decision in *Davis*.

Regardless, as discussed below, the record does not indicate that *Davis* provides a basis for relief.

### III.   MERITS

Petitioner challenges his convictions on brandishing a firearm during and in relation to a crime of violence under § 924(c)(1)(A)(ii), as charged in Counts 3 and 5 of the Information. The statute defines a "crime of violence" as a felony offense that:

(A)   has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Supreme Court in *Davis* invalidated the "residual clause" of § 924(c)(3)(B) as unconstitutionally vague. *Davis*, 139 S.Ct. at 2325. Here, however, the Hobbs Act robberies charged in Counts 2 and 4 provide the predicate crimes for Petitioner's § 924(c) convictions. (*See Information*, ECF No. 30, PAGEID # 48-50.) A Hobbs Act robbery involves a "crime of violence" under § 924(c)(3)(A). *See United States v. Jones*, No. 1:16-cr-17, 2019 WL 6941769, at *3 (N.D. Ohio Dec. 16, 2019).

> Hobbs Act robbery is a "crime of violence" because the definition of robbery "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under [the elements clause of] § 924(c)(3)(A)." *Gooch*, 850 F.3d at 291-92; *see also United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (confirming that Hobbs Act robbery is a "crime of violence" under the elements clause). For this reason, even in the wake of *Davis*, courts within the Sixth Circuit consistently find that § 924(c) convictions premised on Hobbs Act robbery convictions withstanding constitutional scrutiny. *See, e.g., United States v. Harris*, No. 15-cr-20089, 2019 WL 4746746, at *3 (E.D. Mich. Sept. 30, 2019) (denying § 2255 motion to vacate § 924(c) conviction premised on Hobbs Act robbery); *Daniels v. United States*, No. 3:16-cv-1551, 2019 WL 4167325, at *4 (M.D. Tenn. Sept. 3, 2019) (same); *United States v. Brooks*, No. 5:16-cr-7-JMH-EBA-2, 2019 WL 4231236 (E.D. Ky. Aug. 19, 2019) (report and recommendation advising to deny § 2255 motion challenging § 924(c) conviction predicated on Hobbs Act robbery conviction), adopted, 2019 WL 4228364 (E.D. Ky. Sept. 5, 2019); *see also United States v. Littles*, No. 14-20484, 2019 WL 4511683, at *1 (E.D. Mich. Sept. 19, 2019) (upholding § 924(c) conviction premised on carjacking, after *Davis,* noting that "the Sixth Circuit has held that Hobbs Act robbery, which, similar to carjacking, requires proof that the defendant used 'actual or threatened force, or violence, or fear of injury, immediate or future', falls within § 924(c)'s force clause") (quoting *Camp*, 903 F.3d at 597); *United States v. Walker*, No. 19-10239, 2019 WL 4126557 (E.D. Mich. Aug. 30, 2019) (finding § 924(c) constitutional where underlying crime of violence was bank robbery, which has as a necessary element the use of force and violence or intimidation).

*Id*. (footnotes omitted); *see also Wallace v. United States*, No. 3:19-cv-1122, 2020 WL 2194002, at *5 (M.D. Tenn. May 6, 2020) ("[T]he crime of robbery affecting commerce still qualifies as a crime of violence under the elements clause of 924(c)(3)(A).") (citing *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017), *cert. denied*, 137 S.Ct. 2230 (June 5, 2017) (holding that Hobbs Act robbery is a crime of violence under § 924(c)'s use-of-force clause); *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (finding Hobbs Act robbery to be a crime of violence under the elements clause of § 924(c)(3)(A)).

Because *Davis* does not impact Petitioner's 924(c) convictions, it does not provide Petitioner a viable basis for habeas relief.

## IV. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE